El Pueblo de Puerto Rico, demandante y apelado, *v.* Juan Osorio, acusado y apelante.

Núm. 7115.—*Sometido:* Julio 14, 1938. *Resuelto:* Julio 30, 1938.

*C. Iriarte, F. Fernández Cuyar* y *H. González Blanes,* abogados del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

La Corte de Distrito de Bayamón dictó sentencia declarando al acusado Juan Osorio culpable del delito de infracción al artículo 328 del Código Penal y condenándole a sufrir una pena de cuatro meses de cárcel y al pago de las costas. De dicha sentencia apeló el acusado para ante nosotros.

Al terminar el fiscal de someter la prueba que tenía, el acusado presentó una moción de *nonsuit* que fué declarada

por la corte sin lugar, sometiendo éste entonces su caso sin practicar prueba alguna. Como único error alega:

"Que el fallo de la corte inferior es contrario a la prueba siendo ésta insuficiente en derecho para establecer la culpabilidad del acusado."

■ De la declaración del Dr. Comas surge que con motivo de este accidente el niño José Dolores Ramos, de doce años de edad, resultó con "una fractura del fémur derecho en su tercio medio y otra fractura del fémur izquierdo en su tercio medio; o sea la fractura de ambos muslos." Que le dió tratamiento por espacio de seis o siete semanas.

José Dolores Ramos declaró:

"Que venía el carro y yo creía que no iba a subir a la acera y me quedé sentado; cuando yo vi el carro que venía de allá, de la calle Comerío, no me dió tiempo de pararme y el carro subió sobre la acera y tumbó un zoco, el zoco me cayó encima del muslo y la rueda del carro subió encima del zoco y me pilló las dos piernas y me las partió."

Declaró también que el carro "venía a toda velocidad" y que era guiado en aquel momento por el acusado, el guardia Juan Osorio.

El padre del niño, Lorenzo Ramos, declaró que "el carro venía ligero."

En cuanto a la velocidad a que marchaba el automóvil, el récord no contiene más declaraciones que las dos que preceden, y como dice el fiscal en su informe la del lesionado sería suficiente para sostener la sentencia, según lo resolvió ya este tribunal en el caso de *El Pueblo* v. *Carrión*, 52 D.P.R. 453, donde se dijo:

"La conclusión del juez sentenciador se basó prácticamente sólo en la declaración del denunciante. Aunque él era la parte perjudicada y su declaración debe ser cuidadosamente analizada por una corte sentenciadora, no estamos dispuestos a revocar la decisión de dicho tribunal en lo que a su credibilidad se refiere."

En el caso de autos la declaración del lesionado fué corroborada por la de su padre, y además, la credibilidad de ninguno de dichos testigos fué impugnada por el acusado.

Éste cita en su alegato copiosa jurisprudencia para demostrar que su negligencia, de haber existido, no es la negligencia crasa de que habla el artículo 328 del Código Penal. Tomando en consideración la velocidad a que marchaba el vehículo y la forma en que ocurrió el accidente, hay base a nuestro juicio para sostener la sentencia recurrida.

Aunque algunos de los testigos ofrecidos por El Pueblo hicieron referencia a un ligero choque entre el carro que conducía el acusado y un "trocito" (un *truck* pequeño), este extremo no quedó establecido. Sí se demostró que el carro se subió a la acera, donde estaba, porque a ello tenía derecho, el menor José Dolores Ramos, derribando un zoco que cayó sobre los muslos del niño, causándole las contusiones a que se ha hecho ya referencia. Este hecho no aparece explicado en forma alguna ni por repreguntas a los testigos de El Pueblo ni por prueba directa del acusado. Y habiendo quedado sin explicar ese hecho, hay base suficiente para inferir que la negligencia del acusado es aquélla que castiga el artículo 328 del Código Penal.

*En esas circunstancias es nuestro deber respetar y confirmar la sentencia recurrida.*

El Juez Asociado Señor De Jesús no intervino.